1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                       DISTRICT OF OREGON

9                       PORTLAND DIVISION

10

11

12   LUTHER RAYMOND ALSPACH,                 No. 3:14-cv-01488-HU

13            Plaintiff,                                **FINDINGS AND**
                                                        **RECOMMENDATION**
14        v.

15   THE WASHINGTON COUNTY SHERIFF
     DEPARTMENT,
16
              Defendant.
17   ─────────────────────────────────

18   HUBEL, Magistrate Judge:

19        The matter comes before the Court on Plaintiff Luther Raymond

20   Alspach's ("Plaintiff") application (Docket No. 1) to proceed in

21   forma pauperis and Plaintiff's motion (Docket No. 4) for

22   appointment of pro bono counsel.  Plaintiff's application (Docket

23   No. 1) to proceed in forma pauperis is granted solely for the

24   purpose of screening his complaint

25                           **LEGAL STANDARD**

26        It settled law that a district court must perform a

27   preliminary screening of an in forma pauperis complaint and dismiss

28   any claims which: (1) fail to state a claim on which relief may be

Page 1 - FINDINGS AND RECOMMENDATION

granted; (2) are frivolous or malicious; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners).

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  When reviewing the sufficiency of a complaint filed by a pro se litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Along similar lines, a district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim may also "be dismissed as frivolous where a defense is obvious on the face of the complaint." *Harris v.*

Page 2 - FINDINGS AND RECOMMENDATION

*Rodriguez*, No. 1:12-cv-00891, 2012 WL 4210118, at *4 (E.D. Cal. Sept. 18, 2012) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984)).

**DISCUSSION**

**A.    The Complaint**

Though it is far from clear, a review of Plaintiff's complaint suggests that he (1) may have been the subject of mental competency proceedings in Oregon state court; (2) is potentially not allowed to own or possess certain types of firearms; (3) had several firearms confiscated by unnamed individuals employed by the Washington County Sheriff's Department; (4) plead not guilty to a state charge of unlawful possession of a firearm; (5) was forcibly removed from his apartment by the Washington County Sheriff's Department the day after his arraignment; (6) "was appointed to [an] Oregon State Hospital [so he] could learn to cooperate with [his] public defender"; (7) had a television and computer, which "were there [at his apartment] for some time," "looted" by two unnamed individuals after he was taken into custody; and (8) is asserting claim(s) for violation of his constitutional rights (e.g., the right to bear arms).[1]

The defendants listed in the body of Plaintiff's complaint are: "Captain, Washington County Sheriff"; "Lieutenant Washington County Sheriff"; "Corporate Section: Sheriff Dispatch"; "District

---

[1] The civil cover sheet indicates that Plaintiff is filing this case under the Eleventh Amendment, and it describes Plaintiff's cause of action as "sheriff department involved in constitutional damages." At the same time, however, "Property Damage Product Liability" is checked as the "Nature of Suit" on the civil cover sheet.

Page 3 - FINDINGS AND RECOMMENDATION

Attorney, Washington County"; "Mr. Murry Rau[,] Violent Crimes Unit"; and "Unknown[,] Washington County Jail . . . [who is] not currently [a] party involved in this case." The only defendant listed in the caption of the complaint, however, is the Washington County Sheriff's Department.

Plaintiff's complaint invokes this Court's federal question jurisdiction, yet it fails to explicitly invoke 42 U.S.C. § 1983, the statute that creates a remedy for violations of federal rights committed by persons acting under state law, or *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), which held that municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom.

**B.  Analysis**

The Court's review of Plaintiff's complaint reveals several deficiencies that warrant dismissal at the screening stage.

First, as noted above, the Washington County Sheriff's Department is the only defendant listed in the caption of the complaint. However, Plaintiff is required to "name all of the defendants in the caption of the complaint." *Galligar v. Nooth*, No. 2:12-cv-01891-PK, 2014 WL 4792924, at *9 (D. Or. July 29, 2014) (citing D. Or. LR 10-2(d)). "Plaintiff is cautioned that in any amended complaint, all defendants against whom he intends to assert a claim against must be identified as such in the caption of the complaint." *Tunstall v. Virga*, No. 2:13-cv-699, 2014 WL 4795181, at *2 n.2 (E.D. Cal. Sept. 26, 2014) (citing Fed. R. Civ. P. 10(a)). In the event

Page 4 - FINDINGS AND RECOMMENDATION

> Plaintiff does not know the names of the individual Defendants, Plaintiff must list the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of his . . . amended complaint, and, in the body of the . . . amended complaint, Plaintiff must allege facts to support how each particular Doe defendant violated Plaintiff's rights.

*Appell v. Maricopa Cnty.*, No. 14-cv-1218, 2014 WL 4662269, at *3 n.1 (D. Ariz. Sept. 18, 2014).

Second, the Court notes that the Washington County Sheriff's Department

> is not a proper defendant in a section 1983 action. Although municipalities, such as cities and counties, are amenable to suit under *Monell* . . . , subdepartments or bureaus of municipalities, such as the Sheriff's Department, are not generally considered 'persons' within the meaning of section 1983. Therefore, [any purported] claim against the . . . County Sheriff's Department is not cognizable under section 1983. Further, even if the claim was properly brought against [Washington County], there are absolutely no allegations regarding a policy or custom of the county that would suffice to sufficiently state a claim under section 1983.

*Daskalakis v. FBI*, No. 4:10-CV-221-BLW, 2011 WL 1900439, at *5 (D. Idaho Apr. 28, 2011); *see also Salmon v. Kern Cnty. Sheriff's Dep't*, No. 1:13-cv-00725, 2013 WL 2318906, at *5 (E.D. Cal. May 28, 2013) ("Given its status as a department of the County of Kern, the Sheriff's Department is not the proper defendant for these claims. Therefore, the claims for violations of civil rights by Kern County Sheriff's Department are DISMISSED.").

Third and finally, the Court notes that Plaintiff submitted a nineteen-page, handwritten complaint that fails to comply with Federal Rule of Civil Procedure 8(a)—which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Instead, Plaintiff filed a complaint that is comprised, in large part, of frivolous

Page 5 - FINDINGS AND RECOMMENDATION

allegations that have no basis in law or fact. *See generally
Daskalakis*, 2011 WL 1900439, at *5 ("A complaint may be dismissed
as frivolous if it is premised upon 'fantastic or delusional
scenarios,' infringement of a legal interest that does not exist or
outlandish theories."). For example, under his statement of claims
section, Plaintiff states:

> I find the Captain of the Washington County Sheriff has
> been in whispered tones been guilty of murder. I find him
> the biggest pickle in a jar of rotten pickles. I find him
> as the biggest pickle amid a full jar of 302 sworn small
> pickles[,] the greatest in the pickle mason jar. When I
> was in East Oakland [in] the middle of August, we in
> California had a jar of 6.1 on the Ricktor [sic] Scale.
> I will testify this is a Mason jar and the biggest pickle
> needs to be removed. In my work for the Central
> Intelligence Agency he has done a destruction amid
> nations as I was involved in Foreign Intelligence and a
> totally comprehensive totally amid these United States,
> a power conficting [sic] with the policies of Richard
> Millhouse, Doctor Henry Kissinger and amid the policies
> of former Bill Clinton.

(Compl. Attach. 1 at 2.)

In light of the foregoing, Plaintiff's complaint against the
Washington County Sheriff's Department should be dismissed without
prejudice and with leave to amend. *See Lucas v. Dep't of Corr.*, 66
F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is
absolutely clear that no amendment can cure the defect, . . . a pro
se litigant is entitled to notice of the complaint's deficiencies
and an opportunity to amend prior to dismissal of the action.").

As to Plaintiff's motion for appointment of pro bono counsel,
"there is generally no constitutional right to counsel in a civil
case. However, pursuant to 28 U.S.C. § 1915(e)(1) . . . , this
court has discretion to request volunteer counsel for indigent
plaintiffs in exceptional circumstances." *Wang v. Unknown*, No.
3:12-CV-01858-KI, 2012 WL 5356034, at *1 (D. Or. Oct. 30, 2012)

Page 6 - FINDINGS AND RECOMMENDATION

(internal citations and footnote omitted). The substance of Plaintiff's complaint convinces the Court that exceptional circumstances are not present here. The Court may consider a renewed motion for appointment of pro bono counsel in the event Plaintiff files an amended complaint that eliminates frivolous allegations and demonstrates a likelihood of success on the merits. *Cf. id.* (denying motion for appointment of pro bono counsel at the screening stage where the complaint did "not demonstrate a strong likelihood of success on the merits").

## CONCLUSION

Plaintiff's application (Docket No. 1) to proceed in forma pauperis is granted solely for the purpose of screening his complaint. Plaintiff's complaint should be dismissed with thirty (30) days leave to replead and cure the deficiencies described above, and Plaintiff's motion (Docket No. 4) for appointment of pro bono counsel should be denied based on a lack of exceptional circumstances. In the event Plaintiff fails to file a timely amended complaint, this case should be dismissed with prejudice for failure to state a claim.

///

///

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **December 29, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 15, 2015.** When the response is due or

Page 7 - FINDINGS AND RECOMMENDATION

filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  11th  day of December, 2014.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 8 – FINDINGS AND RECOMMENDATION